# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> VERA J. LONGEE; CACH, LLC; CITY OF POPLAR; and ROOSEVELT COUNTY, a political subdivision of the State of Montana, <br><br> Defendants. | CV 15-75-GF-BMM <br><br><br> O<small>RDER</small> |

This matter having been before this Court by Plaintiff, United States of America, by and through its attorney, Victoria L. Francis, Assistant United States Attorney for the District of Montana, and upon considering the pleadings filed herein, it appears there is no issue of material fact, and the Court now makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. This court has jurisdiction of this action for the reason that the United States of America is the party Plaintiff under 28 U.S.C. § 1345. The real property that is the subject of this foreclosure action is located in the County of Roosevelt, State of Montana, and is described as follows:

1

> Lot 9, Block 30, Original Townsite of Poplar, Roosevelt County, Montana, according to the Official map or plat thereof on file and of record in the office of the Clerk and Recorder of said county.

2. The United States loaned Vera J. Longee the sum of $51,000.00 on October 17, 2001. The loan is evidenced by a promissory note dated October 17, 2001. A true and correct copy of the promissory note is attached to the Complaint as Exhibit A. The loan was reamortized on May 17, 2013 in the amount of $59,444.90. The reamortization is evidenced by a reamortization agreement dated May 17, 2013. A true and correct copy of the reamortization agreement is attached to the Complaint as Exhibit B.

3. As security for the promissory note, a real estate mortgage was executed providing real property located in Roosevelt County, Montana, as security for the debt. The mortgage was executed by Vera J. Longee on October 17, 2001 and recorded with the Roosevelt County Clerk and Recorder on October 17, 2001, in Book 598 of Mortgages, at Page 767 as Document No. 359148. A true and correct copy of this mortgage is attached to the Complaint as Exhibit C.

4. Defendant, Vera J. Longee, is in default under the terms of the promissory note, reamortization agreement and mortgage described above due to failure to make timely payments of principal and interest as agreed. The account was accelerated on March 11, 2015.

5. Defendant, Vera J. Longee, is indebted to the Plaintiff for the loans outlined above in the principal amount of $56,957.80, plus interest computed at the rate of 6.875 percent per annum for the accrued total amount of $4,752.66 as of August 3, 2015, plus late charges of $92.88, plus fees in the amount of $1,666.82, for a combined total of $63,470.16 as of August 3, 2015. In addition if the value of the real property exceeds the principal and accrued interest ($63,471.16), the Rural Housing Service is entitled to recapture the interest credit subsidy pursuant to the subsidy repayment agreement dated October 17, 2001. A true and correct copy of the subsidy repayment agreement is attached to the Complaint as Exhibit D. The interest subject to recapture is $20,856.17 making a total of $84,326.33 due and owing as of August 3, 2015. Interest continues to accrue from August 3, 2015, at the rate of $10.73 per day until the date of entry of judgment. Attached to the Complaint as Exhibit E is the Affidavit of Kimberly Maines of Rural Development which verifies the amount due. Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961.

6. Vera Longee, was personally served with a copy of the Summons and Complaint by the U.S. Marshal's Service, pursuant to Fed. R. Civ. P. 4(e)(2), on December 7, 2015 (Dkt. No. 27). Defendant, Vera Longee, was also served by Summons for Publication in *The Herald News*, pursuant to 28 U.S.C. § 1655, on

the January 14, 2016 (Dkt. No. 28). She did not make an appearance and default was entered on February 8, 2016 (Dkt. No. 31).

7. Defendant, Cach, LLC, was served by Summons for Publication in *The Herald News*, pursuant to 28 U.S.C. § 1655, on the December 10, 2015 (Dkt. No. 26). They did not make an appearance and default was entered on February 8, 2016 (Dkt. No. 31).

8. Laura Christoffersen, Attorney for the City of Poplar, executed a Waiver of Service of Summons; it was filed with the Court on November 3, 2015 (Dkt. No. 14). On December 10, 2015, Defendant City of Poplar filed a stipulation with the United States consenting to entry of judgment, decree of foreclosure, and order of sale. It was further stipulated that any surplus funds remaining after payment to Roosevelt County for its principal amount of taxes and to the Plaintiff shall be paid by the U.S. Marshal to the Clerk of Court for further order of this Court. (Dkt. No. 25).

9. Ralph J. Patch, Roosevelt County Attorney, executed a Waiver of Service of Summons; it was filed with the Court on September 24, 2015. (Dkt. No. 6). On September 24, 2015, Defendant Roosevelt County filed a stipulation with the United States consenting to entry of judgment, decree of foreclosure, and order of sale. It was further stipulated that any judgment shall recognize the priority of

the principal amount of any real property taxes owed or to be assessed against the property that is the subject of the foreclosure to the date of sale. (Doc. No. 7).

## CONCLUSIONS OF LAW

10. Roosevelt County, Montana has priority for the principal amount of any assessed taxes to the date of sale.

11. The Plaintiff, United States, is entitled to judgment against Defendant, Vera J. Longee, in the principal amount of $56,957.80, plus interest computed at the rate of 6.875 percent per annum for the accrued total amount of $4,752.66 as of August 3, 2015, plus late charges of $92.88, plus fees in the amount of $1,666.82, for a combined total of $63,470.16 as of August 3, 2015. In addition if the value of the real property exceeds the principal and accrued interest ($63,471.16), the Rural Housing Service is entitled to recapture the interest credit subsidy pursuant to the subsidy repayment agreement dated October 17, 2001. The interest subject to recapture is $20,856.17 making a total of $84,326.33 due and owing as of August 3, 2015. Interest continues to accrue from August 3, 2015, at the rate of $10.73 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

12. The Plaintiff, United States, is entitled to an order of sale of the real property described herein.

Wherefore, based upon the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.	Plaintiff, United States of America, have judgment against Defendant, Vera J. Longee, in the principal amount of $56,957.80, plus interest computed at the rate of 6.875 percent per annum for the accrued total amount of $4,752.66 as of August 3, 2015, plus late charges of $92.88, plus fees in the amount of $1,666.82, for a combined total of $63,470.16 as of August 3, 2015. In addition if the value of the real property exceeds the principal and accrued interest ($63,471.16), the Rural Housing Service is entitled to recapture the interest credit subsidy pursuant to the subsidy repayment agreement dated October 17, 2001. The interest subject to recapture is $20,856.17 making a total of $84,326.33 due and owing as of August 3, 2015. Interest continues to accrue from August 3, 2015, at the rate of $10.73 per day until the date of entry of judgment. Plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961.

2.	Each and all of the material allegations contained in the Plaintiff's Complaint are true and correct.

3.	The real property described hereafter, together with all improvements, tenements, rights, privileges, and appurtenances, be foreclosed and ordered sold at public auction by the U.S. Marshal for the District of Montana in the manner

provided by law and according to the course and practice of this Court. The real property is located in Roosevelt County, Montana, and described as follows:

> Lot 9, Block 30, Original Townsite of Poplar, Roosevelt County, Montana, according to the Official map or plat thereof on file and of record in the office of the Clerk and Recorder of said county.

4. The real property be sold with the right of redemption as provided in Mont. Code Ann. § 25-13-801 through 25-13-825.

5. The real property be sold in one unit.

6. If the Plaintiff is the purchaser at the sale of the real property, payment to the U.S. Marshal need not be in cash, but be in the form of suitable documentary evidence as a debit against the judgment.

7. The U.S. Marshal be required to provide a Certificate of Sale to the purchaser at the time of sale of the real property. The purchaser be entitled to a deed to the premises at the expiration of one year from the date of the sale, unless the premises are previously redeemed as provided by law.

8. In the event the Plaintiff is the purchaser at the sale and possession of the premises is not surrendered to the Plaintiff upon issuance of a Marshal's deed, a writ of assistance be issued directing the United States Marshal to deliver possession of the premises to the Plaintiff.

9. The U.S. Marshal for the District of Montana, out of the proceeds of the sale of the real property, shall retain his fee, disbursements, and expenses of the

sale, and any excess sale proceeds shall be paid in the following amounts to the following entities with the following priorities:

    A.    To Roosevelt County, Montana, to satisfy the principal amount of any assessed taxes, to the date of sale.

    B.    To the Plaintiff, United States, to satisfy the judgment set forth in paragraph 1 above.

    C.    Any overplus remaining after the payments to Roosevelt County and Plaintiff shall be paid by the United States Marshal for the District of Montana to the Clerk of this Court for further order of this Court.

10.    That if the monies from the sale are insufficient to pay the amounts due to the Plaintiff, the expenses of sale, and the costs, the Plaintiff have a deficiency judgment against Defendant, Vera J. Longee.

11.    The Defendants, and any and all persons claiming under them, and all persons having liens subsequent and inferior to the lien of the Plaintiff's mortgage, either by mortgage, judgment, or decree, upon the real property described in the mortgage subject of this foreclosure, and their personal representatives and all persons claiming to have acquired any estate or interest in the premises, subsequent to the filing of this action, be forever barred and foreclosed of and from all equity of redemption and claim to the mortgage or premises, and every part or parcel thereof, from and after the delivery of the U.S. Marshal's Deed.

12. All or any of the parties to this action be entitled to purchase at the sale. If Plaintiff purchases at the sale, then the rents, issues, and profits arising or in any manner accruing to or from the premises, be due and payable to the Plaintiff.

DATED this 16th day of February, 2016.

_____
Brian Morris
United States District Court Judge